UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL JEROME FOX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9694** |
| **RANDY SEALS, ET AL.** | **SECTION "E"(4)** |

**PARTIAL REPORT AND RECOMMENDATION**

The plaintiff, Michael Jerome Fox ("Fox") has filed *ex parte* a **Motion for Judgment on the Pleadings (Rec. Doc. No. 20)**. The matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that the matter can be disposed of without an evidentiary hearing.

**I.     Background**

Fox filed a *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, Sheriff Randy Seals, Chief Mike Haley, Warden Jim Miller, Assistant Warden Angie McMorris, Dr. Jerry Thomas, and Nurse Joan, each employed with the Washington Parish Sheriff's Office and the Washington Parish Jail. He alleges that the conditions of his confinement at the Washington Parish Jail were unconstitutional.

Fox filed the instant motion summarily seeking judgment in his favor under Fed. R. Civ. P. 12(c) based on the claims asserted in his complaint and the documents received from defendants following the *Spears* Hearing held in this matter on January 24, 2019.[1] For the following reasons, Fox's motion is not in proper form and is otherwise premature.

---

[1] Rec. Doc. No. 16. The purpose of the *Spears* Hearing is to ascertain what the prisoner alleges occurred and the legal basis for the claims. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The information received is

## II.     Discussion

Fox filed his motion *ex parte* without noticing the matter for adversarial hearing.  The Local Rules of this Court require that an adversarial motion like that filed by Fox must be noticed for submission to allow the opposing party requisite time to respond.  L.R. 7.2.  Fox failed to comply with this and the related rules of this Court.

In addition, Fed. R. Civ. P. 12(c) provides that, "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings."  (emphasis added).  The United States Fifth Circuit Court of Appeals has not clarified what "closed" means for purposes of Rule 12(c); however, courts in other circuits have held that a motion for judgment on the pleadings is premature unless every defendant has filed an answer.  *See, e.g., Shame on You Prods., Inc. v. Banks*, 120 F. Supp.3d 1123, 1142 (C.D. Cal. 2015), *aff'd*, *Shame on You Prods., Inc. v. Banks*, 690 F. App'x 519 (9th Cir. 2017); *Habeeba's Dance of the Arts, Ltd. v. Knoblauch*, No. 05-CV-926, 2006 WL 968642, at *2 (S.D. Ohio Apr. 10, 2006); *Grassmueck v. Barnett*, No. C03-122P, 2003 WL 22128337, at *2 (W.D. Wash. Jul. 7, 2003).

In this case, only four of the six named and served defendants have filed a responsive pleading to Fox's complaint.[2]  The pleadings, therefore, have not been closed as required for the filing of this type of motion.  The request by Fox is, therefore, premature and the Court is unable to consider the substance of his motion and it must be dismissed as premature without addressing its merit.  *Accord Jordan v. Def. Fin. and Acct'ing Servs.*, No. 14-cv-958, 2014 WL 3887748, at

---

considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2]Rec. Doc. No. 14.  The Court notes that in this type of prisoner civil rights prison conditions case, the defendants need not answer unless ordered by the Court to do so.  *See* 28 U.S.C. § 1997e(g).

2

*1 (M.D. Fla. Aug. 7, 2014) (finding that the plaintiff's Rule 12(c) motion for judgment on the pleadings filed before defendants filed answers to the complaint was premature).

Furthermore, the Court is engaged in the frivolousness review of plaintiff's claims as statutorily required under 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e. By this means, the Court will determine which, if any, of plaintiff's claims will survive this initial screening for further review. Until such time, the plaintiff is premature in his ability to establish his entitlement to judgment on the pleadings under the Rule 12(c) standards.

### III.    Recommendation

It is therefore **RECOMMENDED** that Fox's **Motion for Judgment on the Pleadings (Rec. Doc. No. 20)** be **DENIED** as premature.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 28th day of March, 2019.

                              KAREN WELLS ROBY
                    **CHIEF UNITED STATES MAGISTRATE JUDGE**